BEFORE THE SECOND DIVISION, MARCH 22, 1944

No. 49282.—Protest 978013-G of Armand Schwab & Co., Inc. (New York).

TILSON, Judge: This suit presents for our determination the proper classification of certain imported hats upon which duty was levied at 25 percent ad valorem plus 25 cents per dozen under paragraph 1504 (b) (2) of the act of 1930, as hats, bleached, dyed, colored, or stained. The plaintiff claims said hats to be properly dutiable at only 25 percent ad valorem under paragraph 1504 (b) (1) of said act, as hats, not bleached, dyed, colored, or stained.

This case is a retrial of the issue presented and decided in *Armand Schwab* v. *United States*, reported as Abstract 45416. When this case was called for trial the record, including the samples, in the former case was admitted in evidence herein. In addition thereto the plaintiff offered the testimony of seven witnesses, while the defendant contented itself to rest upon a cross-examination of said witnesses.

The witnesses in this case consisted of men engaged in the buying and selling of leghorn hats similar to those involved in this case, and of men engaged in the bleaching and dyeing of millinery goods throughout the United States for a number of years. The substance of the testimony of these witnesses is to the effect that the hats involved in this case would not be offered, received, or accepted as a good delivery for a bleached hat.

The testimony of these commercial witnesses is of the same character as the testimony of the witnesses testifying in the case of *United States* v. *Armand Schwab*, 30 C. C. P. A. 72, in which case our appellate court held that such testimony was not sufficient to establish commercial designation. This court, in considering the testimony of the witnesses in the last-cited *Armand Schwab* case, did not regard such testimony as an attempt to establish commercial designation, and in view of the fact that the words "commercial designation" do not once appear in our decision, it is clear that this court did not in fact or in substance hold that commercial designation has been established in that case. This court simply took the testimony of highly qualified trade witnesses, of long experience in dealing in similar merchandise, and held that such testimony established that the hats in that case were not bleached, without any thought or consideration being given to commercial designation.

However, since such testimony in the last-cited *Armand Schwab* case was held insufficient in that case, we must arrive at a similar conclusion regarding the trade testimony in the instant case.

In view of the fact that the issue herein is the same as the issue in the previous case, reported as Abstract 45416, in which plaintiff's witness Bing detailed the

processes to which the hats were subjected, we quote the following from our decision in the former case:

For the purpose of making clear the exact treatment applied to these hats we quote the following from the deposition of witness Bing:

The treatment given is, first, washing with potash and bicarbonate of soda, followed by neutralization of these substances by means of Sale di Acetosella, and each time after having washed the straw in each of these substances it is treated with sulphur vapor. This process is repeated as many times as is believed necessary according to the darkness of the straw.

The chemicals used are: potash, sulphur, bicarbonate of soda, Sale di Acetosella and sulphur.

The straw is washed first in potash and when half dry is put in sulphur vapor. It is then washed in bicarbonate of soda and when half dry it is again put in sulphur vapor. Should not this process be adopted the straw would be exposed to mildew and to deterioration by straw insects. Obviously the alkaline substance which remains in the straw must be removed, and this is done by neutralizing the basic substance by washing in Sale di Acetosella and when the straw is nearly dry it is again put in sulphur vapor. The treatment of washing the straw in bicarbonate of soda and Sale di Acetosella must be repeated until the desired uniformity of color of the straw is obtained.

The result obtained by the combined use of these substances produces a uniform color, as shown by the samples attached hereto.

The plaintiff offered the testimony of several witnesses in an effort to show that the process through which these hats had passed was only for the purpose of protecting the straw from mildew and from deterioration by straw insects, and also for the purpose of restoring the straw to its natural leghorn color, and that this process was not applied for the purpose of bleaching the hats. It may be that it was absolutely necessary to subject these hats to the process hereinbefore set out in order to protect them from mildew and deterioration and to restore them to their natural leghorn color, but, if this process also served to bleach the hats, they are nevertheless bleached hats.

Had these hats been first washed in potash, then in bicarbonate of soda and then in Sale di Acetosella and then put in the sulphur vapor this case would be much stronger for the plaintiff, but it is to be noted that after each washing the hats were put in sulphur vapor. There is no contention that this sulphur vapor was a washing or cleansing agent. The second time these hats were washed they were washed in bicarbonate of soda. It would seem that this second washing might well free the hats of any sulphur vapor they had received after the first washing. The same would also appear to be true as to the third washing, which was in Sale di Acetosella. In the end it would seem that the only protection from mildew and straw insects would be due almost entirely from the sulphur vapor they received after the last washing.

One of plaintiff's witnesses testified that all these processes to which these hats are subjected are known as bleaching, and the defendant's two witnesses testified that said process was a well-known bleaching process, that the agents used were bleaching agents, and that hats subjected to such process would of necessity be bleached.

It will be observed that the plaintiff's witness who was reported to have testified in the former case that these processes are known as bleaching, in testifying in the present case, stated that he did not use the word "bleaching" in the former case, but that he did use the word "washing," and that the processes to which these hats are subjected are known as washing.

We feel that the reasoning in our former decision on this issue is sound, and that the additional trade testimony offered at the trial of this case does not warrant a conclusion different from that reached in the former case. Therefore, following our former decision we hereby overrule all claims of the plaintiff herein. Judgment will be rendered accordingly.